UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RAMON D. KING**, <br><br> Petitioner, <br><br> vs. <br><br> **CONNIE HORTON**, <br><br> Respondent. | 2:22-CV-11043-TGB <br><br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Ramon King was convicted after a jury trial in the Wayne Circuit Court of second-degree murder and commission of a felony with a firearm. On June 29, 1994, King, a juvenile at the time of the offense, was sentenced to 40 to 60 years imprisonment for the murder conviction and a consecutive 2 years for the firearm offense.

Because the habeas petition was filed after expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d), the petition will be summarily dismissed.

I.

This is King's second federal habeas petition. His first petition was also denied as being timely unfiled. *See King v. Jackson*, No. 05-74488 (E.D. Mich. August 10, 2006). In the Order denying that petition, the Court recounted the procedural history of King's case up to the time of the 2006 dismissal:

> Petitioner was charged with first-degree murder and felony firearm. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and felony firearm. He was sentenced to forty to sixty years imprisonment for the murder conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.
>
> Petitioner filed an appeal of right in the Michigan Court of Appeals claiming that his sentence was disproportionate. The Michigan Court of Appeals affirmed his sentence. *People v. King*, No. 178425 (Mich. Ct. App. Dec. 28, 1995).
>
> Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same issue presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. King*, No. 105532 (Mich. Sept. 27, 1996).
>
> On March 17, 2003, Petitioner, through counsel, filed a motion for relief from judgment in the trial court. In his motion, Petitioner claimed that he was deprived of due process by the prosecutor's misconduct, and that he received ineffective assistance of trial and appellate counsel. The trial court denied the motion on May 28, 2003. *People v. King*, No. 94-3647 (Wayne County Circuit Court May 28, 2003).

> Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, which denied the application. *People v. King*, No. 250446 (Mich. Ct. App. July 9, 2004). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. *People v. King*, No. 126914 (Mich. May 31, 2005).

*Id;* ECF No. 22, PageID.1154-55.

King unsuccessfully attempted to appeal the decision dismissing his first habeas case. *King v. Jackson*, No. 07-1045 (6th Cir. Mar. 20, 2007); *King v. Jackson*, No. 07-1418 (6th Cir. Oct. 9, 2007).

King's current petition contains copies of state court orders summarizing subsequent state post-conviction proceedings. About eight years after his first habeas petition was dismissed, King filed a second motion for relief from judgment in the trial court on January 21, 2014. ECF No. 1, PageID.19-20. The trial court denied relief. *Id*. A third motion for relief from judgment was denied on June 28, 2016. *Id.*

King filed a fourth motion for relief from judgment sometime in 2019. The motion claimed: (1) adult charges were brought against him without a proper waiver of juvenile court jurisdiction, (2) the jury verdict form was unconstitutional, and (3) King's sentence violated *Miller v.*

3

*Alabama*, 567 U.S. 460 (2012), because he was a juvenile at the time of the offense. *Id.*

The trial court denied the motion by order dated January 9, 2020. *Id.*, PageID.19. The Michigan Court of Appeals dismissed King's appeal on October 13, 2020. *Id.*, PageID.18. The Michigan Supreme Court denied review by order dated May 26, 2021. *Id*; PageID.17.

The present habeas petition was signed and dated on December 10, 2021. *Id*; PageID.15. King raises that same claims he presented in his last successive motion for relief from judgment.

## II.

After a petition for a writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Proceedings. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006).

4

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007); *see also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at *1-2 (6th Cir. Jan. 8, 2019) (Sixth Circuit denied petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

### III.

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." King's conviction became final in 1997, about 25 years ago. As indicated by the Court in its decision dismissing King's first petition, King untimely sought federal habeas review in 2005. *See King v. Jackson*, No. 05-74488 (E.D. Mich. August 10, 2006.) That was over 16 years ago. Thus, King finds himself in the unenviable position of explaining why his present petition was timely

5

filed even though it has already been determined that it was too late to for him to pursue federal habeas relief in 2005. King offers two arguments. First, he asserts that because the jury verdict form prohibited the jurors from returning a general not guilty verdict, he is actually innocent and therefore entitled to equitable tolling. Second, he asserts that his sentencing claim is based on the Supreme Court's 2012 decision in *Miller,* which created a new constitutional right that was not made retroactive to cases on collateral review until 2016 in *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

Neither argument saves King's petition from being dismissed. First, with respect to King's actual-innocence argument, the statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329).

6

For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

King's argument that a defective verdict form proves his actual innocence does not speak to *Schlup's* standard, let alone satisfy it. The argument amounts to a claim of legal error. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). King has not proffered the Court with any new reliable evidence that was not presented at trial that shows that he did not factually commit the offense. The petition therefore does not state grounds for equitably tolling the limitations period.

Next, King's sentencing claim asserts that his 40-to-60-year sentence violates *Miller* and *Montgomery* because he was a juvenile at the time of the offense. Under 28 U.S.C. § 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on

7

collateral review," can set the date on which the limitations period commenced. Setting aside the fact that *Miller* was decided in 2012 and *Montgomery* was decided in 2016, and that King did not assert a claim under these cases in the state courts until 2019, the argument is unavailing because the rule in *Miller* does not apply to King's sentence.

In *Miller*, the Supreme Court held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old when they committed their crimes, violates the Eighth Amendment. *Id.*, 567 U.S. at 465. *Miller*, however, only applies to mandatory life sentences. The Sixth Circuit determined that "*Miller's* holding simply does not cover a lengthy term of imprisonment that falls short of life without parole." *Atkins v. Crowell*, 945 F.3d 476, 478 (6th Cir. 2019). The Supreme Court did not hold in *Miller* or any other case that the Eighth Amendment prohibits a juvenile from receiving a sentence which leaves him eligible for parole only very late in life or which makes his release on parole unlikely but not impossible. *See Starks v. Easterling*, 659 F. App'x 277, 280-81 (6th Cir. 2015) ("The Supreme Court has not yet explicitly held that the Eighth Amendment extends to juvenile sentences that are the functional equivalent of life [without parole]."); *Bunch v. Smith*, 685

8

F.3d 546, 550 (6th Cir. 2012) (*Miller* and its progeny do not apply to consecutive, fixed-term sentences for multiple nonhomicide offenses which may result in the functional equivalent of life without parole).

The express language of 28 U.S.C. § 2244(d)(1)(C) is limited "to decisions of the Supreme Court in which new rights are recognized and explicitly made retroactive to cases on collateral review." *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). Because King can point to no Supreme Court decision which retroactively invalidates lengthy term-of-year sentences for juvenile offenders, he cannot avail himself of the later starting point for the limitations period under § 2244(d)(1)(C).[1]

Accordingly, the instant petition for writ of habeas corpus was untimely filed, and King offers no reason why his present petition should not be dismissed for the same reason his first habeas application was dismissed.

---

[1] Though *Miller* does not provide a later starting point for the statute of limitations, King's claim that *Miller* should be extended to lengthy non-life sentences obviates the requirement that he obtain permission from the Sixth Circuit before filing his successive habeas petition under 28 U.S.C. § 2244(b). *See Smith v. Bauman*, 2019 WL 4195446, 2019 U.S. Dist. LEXIS 150433 (W.D. Mich. Aug. 5, 2019).

### IV.

After a federal Court denies a habeas petition it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations. Petitioner is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Therefore, permission to appeal in forma pauperis will likewise be denied.

### V.

For these reasons, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: May 31, 2022        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE